UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHERYL LEHMAN

VERSUS

NEW HAMPSHIRE INSURANCE CO.

CIVIL ACTION

NUMBER 08-569-FJP-SCR

### RULING

This matter is before the Court on the plaintiff's motion to remand.[1] The defendant filed an opposition to this motion.[2] However, during a telephone conference dated December 18, 2008, counsel for the defendant stated that the defendant no longer opposes the motion to remand. For reasons set forth below, the Court finds that the motion to remand shall be granted.

The issue before the Court is whether the amount in controversy requirement of 28 U.S.C. § 1332 has been met in this case. The defendant states in its removal petition that the damages in this case could exceed the sum or value of $75,000. The defendant shows this is possible based on the damages described in the plaintiff's petition which include: pain and suffering, mental anguish, loss of enjoyment and of life, medical expenses, and lost wages.

The plaintiff has not stipulated that the damages exceed

---

[1]Rec. Doc. No. 3.

[2]Rec. Doc. No. 5.

$75,000 as required under La. Code Civ. Proc. Art. 893(A)(1). In a situation where the plaintiff does not specify a numerical value of the damage claim, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[3] The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."[4]

The defendant, New Hampshire Ins. Co, did not file an affidavit with its notice of removal or set forth any facts in controversy. Therefore, the defendant in the instant case must demonstrate that it is "facially apparent" that the claims are likely above $75,000.

The Fifth Circuit in *Luckett v. Delta Airlines* held that damages likely exceeded $75,000 due to the specificity of damages alleged in the petition.[5] The case of *Luckett* involved a tort action brought by a plaintiff whose luggage, containing her heart medication, was lost by the defendant airline. The plaintiff

---

[3] *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993).

[4] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

[5] 171 F.3d 295 (5th Cir. 1999).

specifically alleged damages for "property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework following her hospitalization."[6]  The *Luckett* court held that it was facially apparent from the plaintiff's petition that damages were likely to exceed $75,000.[7]

In a case where the plaintiff alleged damages with little specificity, the Fifth Circuit held it was not facially apparent from the petition that damages were likely to exceed $75,000.[8]  The court in *Simon v. Wal-Mart Stores, Inc.* stated: "The instant complaint alleged, with little specificity, damages from less severe physical injuries than in *Luckett*--an injured shoulder, bruises, and abrasions--and unidentified medical expenses for Simon, plus loss of consortium for Elwin."[9]

The instant case is closer to *Simon* than *Luckett* because the injury/damage allegations in the plaintiff's petition are generic and boilerplate.  There is little to no specificity on the type of injury plaintiff received or identifiable medical expenses incurred by the plaintiff.  The mere conclusory allegation by the defendant

---

[6]*Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850, (quoting *Luckett*, 171 F.3d 295 (5th Cir. 1999)).

[7]*Luckett*, 171 F.3d at 298.

[8]*Simon,* 193 F.3d at 851.

[9]*Id* at 850.

that damages exceed $75,000 is insufficient to support its petition for removal.

THEREFORE, the Court finds that it is not facially apparent from the plaintiff's petition that damages are likely to exceed 75,000.

Therefore;

IT IS HEREBY ORDERED that the plaintiff's motion to remand is granted.

Baton Rouge, Louisiana, January 22, 2009.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA